Lina Stillman, Esq
Stillman Legal, P.C
42 Broadway, 12th Floor
New York, NY 10004
Telephone: (212) 203-2417
Facsimile: (212) 203-9115
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Darina Naumova | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **COMPLAINT** |
| -v- | ) | |
| | ) | |
| Infinity Consulting Solutions, Inc | ) | |
| *Defendants*. | ) | |

## NATURE OF THE ACTION

1. Plaintiff Darina Naumova, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e, *et seq.*, the New York State Human Rights Law (HRL), N.Y. Executive Law, § 296 and the New York City Human Rights Law (NYCHRL), N.Y. Admin. Code § 8–107, alleging pregnancy discrimination, a form of gender discrimination, against Defendant Infinity Consulting Solutions.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

2. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because the civil actions herein arise under the laws of the United States, namely, Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e, *et seq*. (discrimination claims).

3. All conditions precedent to filing a lawsuit under Title VII of the Civil Rights Act of 1964 have been fulfilled. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). On May 20, 2021 Plaintiff, through her attorneys, received a right to sue letter, *See* **Exhibit A**. This action is now being filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

### Personal Jurisdiction

4. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

### Venue

5. Venue is proper in the Sothern District of New York under 28 U.S.C. §§ 1391 (b)(1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

### THE PARTIES

**Plaintiff**

6. Plaintiff is a female adult individual residing in the state of New Jersey.

7. At all times relevant to this complaint, Plaintiff was a covered employee of Defendants, as the term is defined by Title VII of the Civil Rights Act 1964, the New York State Human Rights Law, the New York City Human Rights Laws.

**Defendants**

8. Infinity Consulting Solutions, Inc. (hereinafter "ICS") is a domestic professional corporation organized and existing under the laws of New York state.

9. Infinity Consulting Solutions is a staffing and recruiting company that matches qualified individuals with businesses.

10. At all times relevant to this complaint, ICS was Plaintiff's "employer", as the term is defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), the New York State Human Rights Law, N.Y. Executive Law § 292(5), and the New York City Human Rights Law, N.Y. Admin. Code § 8–102(5) and engaged in an "industry affecting commerce" as the term is defined by 42 USCA §§ 2000e(b), (g) and (h).

## FACTUAL ALLEGATIONS

**Plaintiff's Employment with Defendants**

11. Plaintiff was employed as a Compliance and Legal Recruiter by Infinity Consulting Solutions ("ICS") from March 5, 2018 until her departure on April 3rd, 2020.

12. Plaintiff began work with ICS as a recruiter and worked diligently in that capacity, with no negative performance reviews or criticism of her work during her tenure.

13. Prior to her termination, Plaintiff was never given written warnings about her work performance or was put on any sort of performance plan.

14. Plaintiff worked in the position continued with activity and metrics during the pandemic work from home.

15. When Plaintiff found out she was pregnant in at the end of December 2019, she initially kept the news to herself.

16. Almost (3) three months into her pregnancy, in March 2020, she initially told her direct

manager before telling Human Resources.

17. Her manager privately advised her to not say anything to the regional director if she didn't want upper management or anyone to know. He also promised Plaintiff to keep her pregnancy a secret until she was cleared by her Doctor.

18. Her manager Zach Plotkin immediately proceeded to let leadership know before she was cleared by her Doctor and before she officially informed Human Resources.

19. Plaintiff was hired by Zach Plotkin who at all times was her direct manager.

20. Plaintiff was qualified to hold her position at ICS.

21. She successfully executed her duties throughout her employment and faced no complaints, written or oral, write-ups, or disciplinary notices, beyond her termination email, from anyone throughout her employment.

**Defendant's unlawful discrimination practices**

22. On 12/23/2019 Plaintiff Naumova learned that she was pregnant.

23. Plaintiff informed Zach Plotkin (in person) that she was expecting on or about March 2021.

24. On April 3rd, 2021 Chris Campisi and Human Resources called Plaintiff midday terminating Plaintiff's employment with ICS resulting from "the Pandemic. (Plaintiff was (20) twenty weeks pregnant at this point).

25. Upon information and belief, after being discharged, Plaintiff's position remained open and was ultimately filled by a non-pregnant employee.

26. As a result of Defendant's actions, Plaintiff has suffered great hardship and damages.

**FIRST CAUSE OF ACTION**
**Title VII of the Civil Rights Act of 1964 – Pregnancy Discrimination**
**(Brought against ICS.)**

27. Plaintiff realleges and incorporates by reference the allegations made in all preceding

paragraphs as if fully set forth herein.

28. Defendant discriminated against Plaintiff by terminating her employment after learning that she was pregnant, in violation of 42 U.S.C. § 2000e-2(a)(1), as amended by the Pregnancy Discrimination Act of 1978.

29. Plaintiff, as a pregnant woman, belongs to a protected class of individuals as identified by 42 U.S.C. 2000e(k).

30. Plaintiff was qualified to hold the position she held as she was subject to no complaints or disciplinary notices.

31. On April 3, 2020 Chri Campisi, Regional Manager a Human Resources representative called Darina terminating Plaintiff's employment citing as reasons downsizing due to the COVID-19 Pandemic. This was a pretext to terminate her because she was pregnant.

32. Despite claiming that Plaintiff's termination was due to the Pandemic, ICS continued to hire recruiters and other personnel.

33. Due to Defendant's discrimination of Plaintiff, she has suffered great hardship and is entitled to recovery of back wages, front wages, prejudgment interest, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial, pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C.A. § 1981a.

## SECOND CAUSE OF ACTION
**New York Executive Law – Pregnancy Discrimination**

34. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

35. Defendant discriminated against Plaintiff by terminating her employment after learning that she was pregnant, in violation of N.Y. Executive Law § 296(1)(a).

36. Plaintiff, as a pregnant woman, belongs to a protected class of individuals.

37. Plaintiff was qualified to hold the position she held as she was subject to no complaints or disciplinary notices.

38. On February Plaintiff informed her manager of her pregnancy.

39. On April 3, 2020 Chri Campisi, the Regional Manager and Patsy called Darina Plaintiff's employment citing as reasons downsizing due to the COVID-19 Pandemic. This was a pretext to terminate her because she was pregnant.

40. Despite claiming that Plaintiff's termination was due to the Pandemic, ICS continued to hire recruiters and other personnel.

41. Due to Defendants' discrimination of Plaintiff, she has suffered great hardship and is entitled to recovery of back wages, front wages, pre-judgment interest, damages for emotional distress, attorney's fees, costs, and other such damages of an amount to be determined at trial, pursuant to N.Y. Executive Law § 297(9) and (10).

## THIRD CAUSE OF ACTION

### New York City Administrative Code – Pregnancy Discrimination

42. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

43. Defendant, discriminated against Plaintiff by terminating her employment after learning that she was pregnant, in violation of N.Y. Admin. Code. §§ 8–107(1)(a).

44. Plaintiff, as a pregnant woman, belongs to a protected class of individuals.

45. Plaintiff was qualified to hold the position she held as she was subject to no complaints or disciplinary notices.

46. sent an email terminating Plaintiff's employment citing as reasons

downsizing due to the COVID-19 Pandemic. The pandemic was used as a pretext to terminate her employment.

47. Due to Defendant's discrimination of Plaintiff, she has suffered great hardship and is entitled to recovery of back wages, front wages, pre-judgment interest, damages for emotional distress, punitive damages, attorney's fees, costs, and other such damages of an amount to be determined at trial, pursuant to N.Y. Admin. Code. §§ 8–502(a) and (g).

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.  Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under Title VII of the Civil Rights Act 1964, 42 U.S.C. § 2000e, et seq, the New York Executive Law § 296, the N.Y. Administrative Code. §§ 8–107, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* and the New York Labor Law, Article 6, §§ 190 *et seq.*;

B.  An award of back wages, front wages, damages for emotional distress, and punitive damages, for Defendant's discrimination against Plaintiff, pursuant to 42 U.S.C. § 2000e-5 and 42 U.S.C.A. § 1981a;

C.  An award of back wages, front wages, and damages for emotional distress, for Defendants' discrimination against Plaintiff, pursuant to N.Y. Executive Law § 297(9);

D.  An award of back wages, front wages, punitive damages for Defendants' discrimination against Plaintiff, pursuant to N.Y. Admin. Code. § 8–502(a);

E.  Enjoining Defendants from further discrimination or retaliation;

F. An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

G. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

H. An award of attorney's fees and costs, pursuant to 42 USCA § 2000e-5(k); N.Y. Executive Law § 297(10); N.Y. Admin. Code § 8-502(g);

I. An award of attorney's fees, costs, and further expenses up to Fifty Dollars ($50.00), pursuant to 29 U.S.C. §216(b), and NYLL §§ 198 and 663(1);

J. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
July 13, 2021

                    Respectfully submitted,

                    **STILLMAN LEGAL, P.C**

By:    /s/Lina Stillman
       Lina Stillman (LF1102)
       *Attorneys for Plaintiff*
       42 Broadway, 12th Floor
       New York, New York 10004
       Tel: 212-203-2417 | Fax: 212-203-9115
       Email: ls@stillmanlegalpc.com